Tsomo v. Holder

BIA
Nelson, IJ
A089 252 604

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>       JON O. NEWMAN,
>       ROBERT A. KATZMANN,
>       SUSAN L. CARNEY,
>            *Circuit Judges*.

_____

THINLEY TSOMO,
>       *Petitioner*,

>            v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

10-3810-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Thinley Tsomo, *pro se*, Elmhurst, N.Y. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, Civil |

Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioner, Thinley Tsomo, a native of Nepal, seeks review of a September 10, 2010 decision of the BIA affirming the January 22, 2009 decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Thinley Tsomo*, No. A089 252 604 (B.I.A. Sep. 10, 2010), *aff'g* No. A089 252 604 (Immig. Ct. N.Y. City Jan. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Tsomo does not challenge the agency's denial of CAT relief, we

address only her claims for asylum and withholding of removal.

**I.   Asylum**

Tsomo, who was born in Nepal to Tibetan refugees, argues that the agency erred in denying her application for asylum without reaching the threshold question of her nationality.  However, while determination of alien's nationality is essential to adjudicate the merits of an asylum application, *see Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006), the agency was not required to determine Tsomo's nationality because it pretermitted her asylum application as it was not filed within one year of her entry into the United States.

Tsomo argues that the agency erred in pretermitting her asylum application as untimely because she demonstrated changed country conditions in Nepal.  However, pursuant to 8 U.S.C. § 1158(a)(3), we are without jurisdiction to review a challenge to the agency's finding that an asylum application is untimely or that an alien did not establish changed circumstances excepting her application from the time limitation.  While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), we cannnot consider Tsomo's argument as it

3

"essentially disputes the correctness of the [agency's] fact-finding." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Thus, we dismiss for lack of jurisdiction Tsomo's petition insofar as it challenges the agency's denial of asylum.

## II. Withholding of Removal

The agency was not required to determine Tsomo's nationality in order to decide whether she was eligible for withholding of removal as her claim for withholding was specifically a claim that she could not be removed to Nepal as ordered by the IJ because she faced persecution there. *See* 8 U.S.C. § 1231(b)(3)(A). Substantial evidence supports the agency's determination that she did not meet her burden of proof.

Leaving aside the issue of whether Tsomo's beating at a 1990 free Tibet rally was on account of a protected ground, the agency reasonably concluded that this single incident, during which Tsomo was not in detention, was not severe enough to rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (providing that persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment");

4

*Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that alien failed to establish persecution when he was beaten prior to being detained and his injuries "required no formal medical attention and had no lasting physical effect"). As noted by the agency, while Tsomo continued to reside in the same location in Nepal for several years after this incident and continued to participate in political demonstrations, she did not have any further problems with the police or other authorities.

Tsomo also did not establish a likelihood that she would face future harm. As the agency found, there is no evidence that the Nepalese government knows about, or would target Tsomo because of her participation in demonstrations in the United States for a free Tibet. Moreover, while Tsomo generally asserts that the Nepalese government persecutes Tibetans and deports them to China, we are unable to consider the 2010 State Department Report that she offers in support of that claim as it did not form part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). Absent "solid support in the record," Tsomo's

assertion that she will be persecuted or deported to China on account of her nationality is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam). Thus, substantial evidence supports the agency's denial of withholding of removal.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk